## DELIA CONKLIN

*v.*

## PEOPLES BUILDING AND LOAN ASSOCIATION OF THE TOWN OF HARRISON.

A court of equity will not, on a bill for specific performance, compel a building and loan association to lend money to one of its members who has bid off such loan at an auction thereof, where the title to the lands offered by such member as security therefor, by way of mortgage, is pronounced by the association's solicitor to be defective, and the directors, for that reason, decline to make the loan.

Bill for specific performance.   On demurrer.

*Mr. S. B. Ransom,* for complainant.

*Mr. T. J. Lintott,* for demurrant.

THE CHANCELLOR.

The bill is filed for specific performance of an agreement by defendant to lend money to the complainant upon the security of mortgage of real property, to be given by the latter.   It states that in 1873 the husband of the complainant died, leaving four infant children, all yet alive and residing with the complainant, who is still his widow ; that in 1867 she purchased, with her own means, a lot of land, described in the bill, for $500,

NOTE.—In *Conway* v. *Log Cabin Building Association, 52 Md. 136,* it was held that where the title to the lands on which a member had executed a mortgage to the association to secure his loan was unsatisfactory to the association's attorney, the member could not maintain *assumpsit* against the association for the amount, although the mortgage had, by the attorney's direction, been recorded.

A contract to borrow or lend money on a mortgage will not be specifically enforced.   *Brough* v. *Oddy, 1 Russ. & Myl. 55 ; Thorpe* v. *Hosford, 20 W. R. 922 ;* see *Alliance Bank* v. *Brown, 2 Dr. & Sm. 289 ;* nor a contract to pay money, *Crampton* v. *Varna R. R. Co., L. R. (7 Ch.) 562 ; Clark* v. *Lord Rivers, L. R. (5 Eq.) 91 ;* and see *Dean* v. *Anderson, 7 Stew. Eq. 496 note.*—REP.

which she paid to the vendor, who conveyed the property to her in fee simple; that, with money of her separate estate, she built a house upon it, and resided there with her husband; that shortly after she began to reside there her husband induced her to change the title so that it might be vested in them jointly with survivorship; that she, consequently, caused the change to be made by means of a deed from her and him to a third person, and a deed from this person to her and her husband; that her husband left no property; that the premises are free from all encumbrances; that in the spring of 1885 the complainant contemplated further improvements upon the premises, to cost $2,500, and had the property surveyed and plans and specifications of the proposed improvement drawn by an architect, and, having been told by friends of hers that the defendant would lend her the money requisite for the improvements, she, in April, 1885, subscribed for twelve and a half shares of its stock, which were issued to her, and a pass-book was issued to her by the defendant; that she so became a shareholder in the defendant, and, as such, at a public sale of its funds, became (she being the highest bidder therefor) the purchaser of $2,500 of those funds, which the defendant then agreed to loan her upon mortgage of the before-mentioned real estate; that the defendant required her to make an application, in writing, for the loan, to "bind the agreement;" that she made such application; that very soon thereafter the board of directors of the defendant duly appointed a committee of its members to examine the property and the plans and specifications of the proposed improvements with a view to ascertaining whether the security would be good for the loan; that the committee approved and accepted the security and gave her a writing to that effect, and told her to give it to the solicitor of the defendant in order that he might investigate the title of the property; that the committee reported to the board accordingly and their report was confirmed and adopted, whereby, as the bill avers, the defendant became bound to lend the $2,500 to the complainant to enable her to make the improvements; that, relying upon the acceptance of her application and the adoption of the report of the committee, she, in May following, herself

Conklin *v.* Peoples Building Association.

left the premises and required her tenant therein to do so also, and she then gave up a prosperous business which she was carrying on therein and made contracts with contractors and house-movers for the proposed improvements; that a few days after she made those contracts she and the defendant were informed, by the solicitor of the latter, that her title to the property was not good and absolute in law, but was good as to only one-half thereof, and that, as to the other half, it belonged to her children, subject to her right of dower therein; that, under that opinion, the defendant refused to lend her the money until her title to the whole property should have been made good to the satisfaction of the solicitor; that she made written demand upon the board for the loan and offered to submit her title for adjudication to the opinion of any other competent lawyer or any competent court, and said she would ask no costs if successful and would pay all costs if unsuccessful, but the board refused to make the loan until the solicitor should report the title satisfactory, and refused to submit the matter of the title to such adjudication; that the board demands of her payment of the costs of the search and interest on the $2,500 from the time of the award of the loan to her; that the action of the board has injured her in her credit and in her title to the land; that it has caused others who would have lent her the money to decline to do so on the ground that her title is defective, and that this fact and the fact that she has vacated the premises and relinquished her business in view of getting the loan, makes it absolutely necessary for her to have the whole matter adjudicated upon in this court. The bill claims that, by law, the complainant has a vested right, as a shareholder, in the association, and that the $2,500, of right, belong to her—she having bid the highest premium for it. It prays that her title to the property may be declared to be a good, valid and absolute estate of inheritance in fee simple, and that the defendant may be decreed to perform, specifically, its agreement for the loan.

The defendant demurs for want of equity, for want of parties, and for multifariousness.

As to the first point. This court will not compel specific per-

Conklin v. Peoples Building Association.

formance of an agreement to borrow or lend money.   *Larios* v. *Gurety, L. R. (5 P. C.) 346 ; Rogers* v. *Challis, 27 Beav. 175 ; Sichel* v. *Mosenthal, 30 Beav. 371.*

But it is urged that in this case the circumstances are so peculiar as to take it out of that general rule, and that the complainant, as a shareholder of the association, who has bid off a loan by agreeing to give a higher premium for it than any other shareholder would give, has a vested right to it.   A shareholder does not, by so bidding off (or purchasing, as it is sometimes called) a loan from a building association, become entitled to the loan, in any sense so different from that in which he would become entitled to it from an individual, who, on his application, should agree to make it to him, that he is entitled to the aid of this court in the former case while he would not be in the latter.   The person who promises to lend is the one who is to be satisfied as to the security, and it would be very inexpedient, to say the very least of it, for this court to entertain suit to compel him to lend his money upon security which is unsatisfactory to him.   In the case in hand the association, acting upon the advice of its counsel that the title was defective, refused on that ground, and on that ground alone, to make the loan.   It is urged that the counsel was in error and that the title is good.   But, obviously, the board of directors must be permitted to decline to lend the money of the association upon property when they are advised by their counsel that the title thereto is bad or defective.   They are to be commended for acting upon the advice of their counsel. . There is no equity in the bill.   The demurrer will be allowed